## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT

| | | |
|---|---|---|
| AZIZ ALDEN, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-00585 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| *Defendant*. | § | |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Wells Fargo Bank, N.A. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and respectfully shows:

## **Commencement and Service**

1.     On April 22, 2021, Aziz Alden ("Plaintiff") commenced this action by filing an Original Petition ("State Court Petition") in the 150th District Court, of Bexar County, Texas. The case is styled Cause No. 2021CI07981; *Aziz Alden vs. Wells Fargo Bank, N.A.*[1]  Plaintiff seeks monetary relief of $500,000.[2]

2.     The lawsuit was first served on Defendant on via email on June 1, 2021.[3] Defendant contends that Plaintiff's service was defective for failure to comply with Texas Rules of Civil Procedure 15 and 99.[4] Specifically, Plaintiff simply sent the petition to a representative of Defendant by e-mail without requesting a citation from

---

[1]     *See* ***Exhibit C***, Plaintiff's Original Petition.
[2]     *Id.*
[3]     *See* ***Exhibit D***, Plaintiff's email to Defendant with attached Petition.
[4]     *See* ***Exhibit E***, Defendant's Original Answer and Affirmative Defenses.

the District Clerk.[5] Despite Plaintiff's failure to effectuate service in compliance with the Texas Rules, Defendant answered in state court on June 28, 2021.[6]

3.    This Notice of Removal is filed within thirty days of the receipt Plaintiff's Original Petition and is therefore considered timely pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## Grounds for Removal

4.    Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## Diversity of Citizenship

5.    There is complete diversity of citizenship between Plaintiff and Defendant.

6.    Plaintiff is a citizen of Texas.[7]

7.    Defendant Wells Fargo Bank, N.A. is not a citizen of Texas.[8]  Defendant Wells Fargo Bank, N.A. is national banking association with its principal place of business in Sioux Falls, South Dakota.[9] For the purposes of diversity jurisdiction, a

---

[5]    *See Exhibit C*, Plaintiff's Original Petition.
[6]    *Id.*
[7]    *See Exhibit C*, Plaintiff's Address in Original Petition.
[8]    *See,* 28 U.S.C § 1332(c)(1); *see also, Hertz Corp. v. Friend,* 559 U.S. 77, 130 S. Ct. 1181, 1185-86 (2010).
[9]    *See Exhibit H*, Certification of Larry Blankenship, at ¶ 3.

national banking association is deemed a citizen of the state where it is located.[10]  As the United States Supreme Court held in *Schmidt*, a national bank is "located" in the state where its main office is located and is not a citizen of every state in which it has a branch office.[11] Therefore, Wells Fargo Bank, N.A. is deemed a citizen of South Dakota.

## Amount in Controversy

8.    This is a personal injury case with well over $75,000 in controversy at the time of this removal. Per Plaintiff's Petition, pursuant to Rule 47 of the Texas Rules of Civil Procedure Plaintiff seeks monetary relief in an amount over $250,000 but not more than $1,000,000.

## Venue

9.    Venue lies in the Western District of Texas pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in this judicial district and division.

## Notice

10.    Defendant will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the

---

[10]    *See* 28 U.S.C. § 1348.

[11]    *Wachovia Bank*, *N.A. v. Schmidt*, 546 U.S. 303, 306 (2006); *see also Betts v. Wells Fargo Home Mortg.*, No. 3:15-CV-2016-G, 2016 WL 3675589, at *3 (N.D. Tex. June 13, 2016), *report and recommendation adopted*, No. 3:15-CV-2016-G (BH), 2016 WL 3612783 (N.D. Tex. July 6, 2016) ("Because Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., and Wells Fargo Bank, N.A.'s main office is located in South Dakota, Defendants have shown that Wells Fargo is a citizen of South Dakota.").

clerk of the state court and will serve upon Plaintiff, a notice of the filing of this Notice of Removal.

## Exhibits to Notice of Removal

11.     In support of this Notice of Removal and pursuant to 28 U.S.C. §1446(a), true and correct copies of the following documents are attached to this Notice as corresponding lettered exhibits:

A.  Index of documents filed in Cause No. 2021CI07981; *Aziz Alden vs. Wells Fargo Bank, N.A* in the 150th Judicial District Court of Bexar County, Texas. – ***Exhibit A***

B.  Docket Sheet for *Aziz Alden vs. Wells Fargo Bank, N.A* in the 150th Judicial District Court of Bexar County, Texas. –***Exhibit B***

C.  Plaintiffs' Original Petition filed on April 22, 2021, *Aziz Alden vs. Wells Fargo Bank, N.A* in the 150th Judicial District Court of Bexar County, Texas. – ***Exhibit C***

D.  Plaintiff's Email to Defendant Wells Fargo, N.A., attaching Original Petition, *Aziz Alden vs. Wells Fargo Bank, N.A* in the 150th Judicial District Court of Bexar County, Texas County, Texas. – ***Exhibit D***

E.  Defendant's Original Answer and Affirmative Defenses filed June 28, 2021, *Aziz Alden vs. Wells Fargo Bank, N.A* in the 150th Judicial District Court of Bexar County, Texas, Texas. – ***Exhibit E***

F.  Certificate of Interested Persons – ***Exhibit F***

G.  Notice of Filing Removal in State Court – ***Exhibit G***

H.  Certification of Larry Blankenship – ***Exhibit H***

## **Prayer**

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 150th Judicial District Court of Bexar County, Texas to this Court.

Respectfully submitted,

By: _____/s/ Karl Seelbach_____
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Ryan Cantu
State Bar No. 24076853
ryan@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 Telephone
512.960.4893 fax
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by First Class U.S. Mail. Certified Mail Return Receipt Requested, and email to the party identified below on this, the 1st day of July 2021.

Aziz Alden
8003 Palmetto Drive
San Antonio, TX 78254
Email: azizkain@gmail.com
*Plaintiff Pro Per*

# EXHIBIT "A"

# EXHIBIT "A"

CAUSE NO. 2021CI07981

| AZIZ ALDEN, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | OF BEXAR COUNTY TEXAS |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| *Defendant.* | § | 150TH JUDICIAL DISTRICT |

## EXHIBIT A - INDEX OF DOCUMENTS FILED

| TAB | DATE | DOCUMENT |
|-----|------|----------|
| 1 | n/a | Case Summary (Docket Sheet) |
| 2 | 04/22/2021 | Plaintiff's Original Petition |
| 3 | 06/28/2021 | Original Answer and Affirmative Defenses with Verification of Filing |

Respectfully submitted,

By: ___**/s/ Karl Seelbach**_____
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Ryan Cantu
State Bar No. 24076853
ryan@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 Telephone
512.960.4893 fax
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by First Class U.S. Mail. Certified Mail Return Receipt Requested, and email to the party identified below on this, the 1st day of July 2021.

Aziz Alden
8003 Palmetto Drive
San Antonio, TX 78254
Email: azizkain@gmail.com
*Plaintiff Pro Per*

- 2 -

# EXHIBIT "B"

# EXHIBIT "B"

150th District Court

## Case Summary

### Case No. 2021CI07981

| | | | |
|---|---|---|---|
| **AZIZ ALDEN VS WELLS FARGO BANK W.A.** | | § | Location: **150th District Court** |
| | | § | Filed on: **04/22/2021** |

---

## Case Information

| | |
|---|---|
| | Case Type: OTHER CIVIL CASES |
| | Case Status: **04/22/2021  Pending** |

---

## Assignment Information

**Current Case Assignment**
Case Number   2021CI07981
Court              150th District Court
Date Assigned  04/22/2021

---

## Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **ALDEN, AZIZ** | **Pro Se** |
| **Defendant** | **WELLS FARGO BANK W.A.** | |

---

## Events and Orders of the Court

| | |
|---|---|
| 04/22/2021 | New Cases Filed (OCA) |
| 04/22/2021 | PETITION |
| 04/22/2021 | ACKNOWLEDGMENT OF PROPRIA PERSONA PARTY |
| 04/26/2021 | LETTER |
| | *REQUESTING COPY OF PETITION* |
| 04/29/2021 | EMAILED COPY OF: |
| | *PETITION TO NATIONWIDE RESEARCH COMPANY* |

# EXHIBIT "C"

# EXHIBIT "C"

## CERTIFICATE OF SERVICE

I, _Aziz Alder_ , Plaintiff pro se,
do here by certify that on the ___16___ Day of _November_ , 20 _20_ , a
true and correct copy of the foregoing pleading was forwarded to
, the attorney for (Defendant) by _____ (State the manner of delivery - eg. U.S. Mail; Hand
Delivery; Certified Mail) _____ at the following address: _____ (give address of Attorney for the
Defendant) _____ .

_Michael Franklin_
_1 W Jefferson Ave_
_11ᵗʰ Floor_
_Saint Louis , MO 63103-2205_
_314-875-3554_

Dated: ___November 16, 2020___

_Aziz Alder_ Pro Se
Signature of Plaintiff

_210-577-0182_



2021 CI 07981

150TH JUDICIAL DISTRICT COURT

AZIZ ALDEN  VS WELLS FARGO BANK W.A.

DATE FILED: 04/22/2021

BEXAR COUNTY, TEXAS

CASE NO. (court use only)

PLAINTIFF: *Aziz Alden*

VS.

DEFENDANT(S) *Wells Fargo Bank W.A.*

Defendant(s) contact info: *3570 SW Military Dr SA Tx 78211*

                                  ADDRESS         CITY     STATE     ZIP

**COMPLAINT:** The basis for the claim which entitles the plaintiff to seek relief against the defendant is:

*Personal work injury on October 10, 2019, injury of lower back, ER hospital visit, MRI and other medical services and damages.*

**RELIEF:** Plaintiff seeks damages in the amount of *$500,000* and/or return of personal ~~property~~ *Injury* as described as follows (be specific): which has a value of $ _____

Additionally, plaintiff seeks the following:

*pain and suffering and other damages*

**SERVICE OF CITATION:** Service is requested on defendants by personal service  at home or work or by alternative service as allowed by the Texas Justice  Court Rules of Court. Other addresses where the defendant(s) may be served are: *Email and Civil/fred mail*

If you wish to give your consent for the answer and any other motions or pleadings to be sent to your email address, please check this box. and provide your valid email address

_____
Petitioner's Printed Name

*Aziz Alden  Pro Se*
_____
Signature of Plaintiff or Attorney

**DEFENDANT(S) INFORMATION (if known):**

DATE OF BIRTH _____

LAST 3 NUMBERS OF DRIVER LICENSE _____

LAST 3 NUMBERS OF SOCIAL SECURITY_____

DEFENDANT'S PHONE NUMBER _____

Address of Plaintiffs or Attorney

_____

_____
CITY        STATE       ZIP

Phone of Plaintiff's Attorney/Plaintiff

Sworn to and subscribed before me this _____ day of_____ ,20____

CLERK OF THE JUSTICE COURT OR NOTARY

2021 APR 22  P 3 58
BEXAR CO. TEXAS
DISTRICT CLERK
FILED



**WELLS FARGO**

Risk & Insurance Management
MAC N9310-061
550 S. 4th Street
Minneapolis, MN 55415

**April 29, 2020**

Aziz Alden
8003 Palmetto Place
San Antonio, TX 78254

**CONFIDENTIAL**

RE:   Wells Fargo Texas Injury Benefit Plan
      Appeal for Plan Benefits – Adverse Benefit Determination on Review
      DOI:  October 10, 2019
      Claim No.: 201910162840001

**AVISO A LOS EMPLEADOS QUE NO HABLAN INGLES: Este carta contiene importante información sobre la decisión tomada en su caso, bajo el Plan de Wells Fargo Texas Injury Benefit Plan. Si tiene dificultad en entender cualquier parte de esta carta comuníquese con Brenda Herrera a 214-239-4620  durante horas de oficina: 8:00 AM – 4:00 PM.**

Dear Mr. Alden,

On April 22, 2020, the Appeals Committee convened and reviewed your appeal of an Adverse Benefit Determination made by the Claims Administrator for the Wells Fargo Texas Injury Benefit Plan (the Plan).  After reviewing your appeal, the Committee has determined that your appeal for benefits must respectfully be denied.  This letter shall serve as your written notice of the Adverse Benefit Determination on Review of your benefits claim.

The Appeal Committee completed a separate and comprehensive review of your case, including your appeal letter, available medical records, and additional medical opinions.  On October 11, 2019, you filed a claim indicating that you injured your lower back on October 10, 2019 while lifting a box of quarters overhead to place them in the coin vault.  This was a static lift with no reported loss of control of the item.  You reported you felt discomfort in your lower back and later reported symptoms in your left buttock following this event.  You treated at Concentra Medical Centers with injections, prescription pain medications and muscle relaxers.  You continued working on modified duty and you elected to complete home stretching and exercises, instead of performing the physical therapy prescribed by the treating physician approved by the Plan.

Your medical history references a pre-injury baseline condition that includes a diagnosed lumbar disc protrusion at L5-S1, foraminal stenosis and compression at the L5 nerve root.  Your documented history of symptoms prior to the October 10, 2019 event includes lower back pain radiating into your entire left lower extremity, down to the dorsal foot.  This is diagnosed as 'chronic' back pain with a history of active treatment and prescriptions through January 2015.

Together we'll go far

(b)    **Types of Non-Covered Injuries.** Any provision of this Plan to the contrary notwithstanding, the term Injury shall not include:

(1) any strain, degeneration, damage or harm to, or disease or condition of, the eye or musculoskeletal structure or other body part resulting from poor or inappropriate posture, the natural results of aging, osteoarthritis, arthritis, or degenerative process, or other circumstances prescribed by the Claims Administrator which do not directly and solely result from the Participant's Course and Scope of Employment;

(8) any Preexisting Condition except to the limited extent (if any) that an Approved Physician clearly confirms an identifiable and significant aggravation of a Preexisting Condition that is incurred in the Participant's Course and Scope of Employment. Subject to the medical management provisions of Section 4.2 herein, coverage for such aggravation can be provided if:

(A)    an Approved Physician identifies that, in all Medical Probability, the Preexisting Condition has been aggravated; and
(B)    the Preexisting Condition was not the Major Contributing Cause of the aggravation.

**1.25**    **"Maximum Rehabilitative Capacity"** means the earliest date after which, based upon reasonable Medical Probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated.

**3.1**    **Wage Replacement Benefits. . .**

(6)            the date the Participant reaches Maximum Rehabilitative Capacity (as determined by an Approved Physician);

**3.4**    **Medical Benefits.** Subject to the medical management and other provisions of this Plan, the Plan shall pay Medical Benefits to, or with respect to, a Participant for an Injury in an amount equal to all Covered Charges; provided, however, that Medical Benefits shall cease upon the earliest of:

(e) the date the Participant reaches Maximum Rehabilitative Capacity (as determined by an Approved Physician);

No company rule, guideline, protocol, standard or other criteria exists that was relied upon by the Appeals Committee in making this decision. This decision is based on available reports and medical opinions applied to applicable Plan Provisions.

The Independent Medical Examination, performed on November 20, 2019 with Dr Brian McCrary, included a comprehensive review and analysis of all available records (including relevant pre-existing injuries/conditions), systems, and an objective assessment of Waddell signs. Dr McCrary concluded that you sustained a soft tissue strain that is most likely an 'acute exacerbation to his pre-existing lumbar condition which is noted as exhibiting the same symptoms previously'. Please note that an exacerbation of symptoms does not equate to an Injury as defined by the Plan.

On November 20, 2019, Dr McCrary indicated you could return to work without restrictions related to the October 10, 2019 event and no further medical treatment is necessary to treat the back strain or exacerbation of symptoms. Dr. McCrary assigns Maximum Rehabilitative Capacity for the effects of the reported October 10, 2019 work event.

As part of your appeal review, the Committee attempted to provide an additional medical examination. Since you reportedly refused or were unable to attend a medical exam because a repeat MRI had not been performed, an orthopedic peer review, based on available medical records, was obtained in order to confirm the need for an MRI or other future medical treatment related to this event.

Dr. David West, orthopedic surgeon, reviewed your case on March 24, 2020 and concluded that further treatment is not medically necessary and a repeat MRI is not required. Dr. West essentially agreed with Dr McCrary that the effects of the reported October 10, 2019 event are limited to a 'strain/sprain' diagnosis and future medical treatment or diagnostic testing is not necessary. He also agreed that you are now at "MMI" (Maximum Medical Improvement), an equivalent conclusion to the plan's definition of Maximum Rehabilitative Capacity (MRC) below.

The Appeals Committee upholds the benefits denial on the basis of medical concurrence between Dr. McCrary and Dr. West, concluding that you sustained a soft tissue strain/sprain that may have exacerbated pre-existing, chronic back pain. As defined below, pre-existing or degenerative conditions that may naturally progress or worsen with time are not covered by this Plan.

Your appeal for benefits was denied according to the following Plan provisions as described in the official Plan Document as well as the Summary Plan Description ("SPD"):

**1.11 "Covered Charge"** means the cost to a Participant of a service or supply described in this Plan below, which service or supply is Medically Necessary, based on the nature of the Injury, as and when provided. Such service or supply must (1) cure or relieve the effects naturally resulting from the Injury; (2) promote recovery from the Injury; or (3) otherwise enhance the ability of the Participant to return to or retain employment following the Injury. Such services and supplies are also subject to the Plan's Usual and Customary requirements as well as the medical management provisions of Section 4.2.

**1.22   "Injury"** means identifiable damage or harm to the physical structure of the body (or to the mental or emotional state with respect to a Traumatic Event) caused solely as the result of either (i) an Accident, (ii) Cumulative Trauma, or (iii) an Occupational Disease. Such damage or harm must be incurred in, and directly and solely result from, the Course and Scope of Employment.

You may receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information that is relevant to your claim for benefits as determined by the Committee and the Plan.

The Plan offers no further voluntary levels of appeal.  You have the right to bring an action under section 502(a) of the Employee Retirement Income Security Act ("ERISA"), as described in our Summary Plan Description booklet.  However, any such ERISA action must be brought no later than one (1) year from the date of this Adverse Benefit Determination on Review *expiring April 22. 2021.*

Should you have any questions or concerns please contact an Appeals Committee representative at **612-667-9994.**

Sincerely,

Jill Combs on behalf of
Nancy Lerach
For the Appeals Committee

# EXHIBIT "D"

# EXHIBIT "D"

| **From:** | Christopher Grigg |
|---|---|
| **To:** | Christopher Grigg |
| **Subject:** | RE: Wells Fargo Litigation: Aziz Alden (Claim Number: 201910162840001) |
| **Date:** | Wednesday, June 30, 2021 2:55:37 PM |

**From:** Aziz Kayen <azizkain@gmail.com>
**Sent:** Tuesday, June 1, 2021 5:41 AM
**To:** Franklin, Michael E (Legal) <Michael.E.Franklin@wellsfargo.com>
**Subject:** Work Injury Lawsuit

Settlement Demand and Lawsuit for work injury on October 10, 2019.


Michael Franklin

Senior Company Counsel
Employment Section

Wells Fargo Legal Department | One North Jefferson Blvd. | St. Louis, MO 63103
MAC H0004-119 | Tel 314-875-3554 | Mobile 314-707-7058

michael.e.franklin@wellsfargo.com

# EXHIBIT "E"

# EXHIBIT "E"

CAUSE NO. 2021CI07981

| | | |
|---|---|---|
| AZIZ ALDEN, | § | IN THE DISTRICT COURT |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | OF BEXAR COUNTY TEXAS |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
|     *Defendant.* | § | 15OTH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

### GENERAL DENIAL

1.      Without waiving any other defenses Defendant Wells Fargo Bank, N.A. ("Defendant") may have or hereafter come to have or urge, Defendant generally denies each and every material allegation in Plaintiff's Original Petition (and all subsequent amended and supplemental Petitions filed herein) pursuant to Rule 92 of the Texas Rules of Civil Procedure and demands strict proof thereof by a preponderance of the evidence or by clear and convincing evidence as the law requires.

### CLAIMS SUBJECT TO ARBITRATION AGREEMENT

2.      In filing Defendant's Original Answer and Affirmative Defenses, Defendant does not waive its contractual right to arbitration. The claims asserted in Plaintiff's Original Petition are subject to a binding arbitration agreement and Defendant is hereby invoking its right to arbitration.

### AFFIRMATIVE DEFENSES

Without conceding that the following are affirmative defenses for which Defendant bears the burden of proof, Defendant asserts that:

3.     Plaintiff's claims and causes of action are barred because Plaintiff has failed to comply with the requirements for service and citation pursuant to Texas Rules of Civil Procedure 15 and 99. Thus, Defendant is not subject to the jurisdiction of this Court.

4.     Plaintiff was in the normal course of routine employment matters at the time of Plaintiff's alleged injury, if any, and the incident was not foreseeable to Defendant.

5.     Plaintiff was not engaged in an unreasonably dangerous job or employed at an unreasonably dangerous workplace. Thus, Defendant owed no duty to warn of or remove any allegedly dangerous condition.

6.     Plaintiff was injured, if at all, while performing the same character of work Plaintiff had always done, which was not unusually precarious.

7.     Plaintiff was injured, if at all, after receiving proper training.

8.     Defendant provided help or made help available, but Plaintiff voluntarily proceeded to do the work without assistance.

9.     Any supposed hazard at issue in the incident, if any, was open and obvious. Defendant owed no duty to Plaintiff as to open and obvious hazards, if any.

10.     Plaintiff's acts and omissions under all the attendant circumstances were the sole proximate cause of injuries or damages alleged to have been sustained by Plaintiff.

11.     As a result of Plaintiff's claimed accident and injuries, Plaintiff may have received medical and/or other benefits from Defendant's self-funded

occupational injury ERISA plan. Defendant, on behalf of its plan, is entitled to reimbursement of the costs of the benefits, if any, provided to Plaintiff in the unlikely event Plaintiff recovers monetary damages from Defendant in connection with Plaintiff's claim.

12.     To the extent Plaintiff seeks punitive or exemplary damages, Defendant relies upon the limitations and other provisions of Chapter 41 of the Texas Civil Practice & Remedies Code.

13.     Any award of pre-judgment interest for damages that have not yet accrued would violate Defendant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 14, 16, and 19 of the Texas Constitution.

14.     Defendant pleads further that any recovery of medical expenses or health care expenses allegedly incurred by Plaintiff, is limited to the amount actually paid or incurred by or on behalf of Plaintiff, if any, pursuant to Tex. Civ. Prac. & Rem. Code §41.0105. Defendant respectfully requests Plaintiff's award, if any, be computed in accordance with the language of Section 41.0105 of the Texas Civil Practice and Remedies Code. Defendant also requests Plaintiff prove (1) that reasonable and necessary medical or healthcare expenses do exist, (2) what part of the medical or healthcare expenses have actually been paid or for which Plaintiff remains liable; and (3) the medical or healthcare expenses claimed resulted from conduct of Defendant.

## OBJECTION AND/OR RESEVATION TO OBJECT
## TO PROPER NOTICE PURSUANT TO TEX. R. CIV. P. 193.7

15.     To the extent Plaintiff purports to invoke Texas Rule of Civil Procedure 193.7 or any similar rule, Defendant objects to its timeliness as discovery has not yet been exchanged and Plaintiff cannot, in good faith, provide proper notice that Plaintiff will use documents produced by Defendant against it. Defendant further disputes that its deadline to object, pursuant to Texas Rule of Civil Procedure 193.7 or any similar rule, to the authenticity of a document Defendant may produce in the future is triggered by any notice contained in Plaintiff's petition. Defendant does not waive, and reserves the right, to object to documents later identified with specificity by Plaintiff in any future notice pursuant to Texas Rule of Civil Procedure 193.7 or any similar rule.

## OBJECTION AND/OR RESERVATION TO
## OBJECT TO PROPERLY SERVED DISCOVERY

16.     To the extent Plaintiff purports to serve discovery requests with its Petition, Defendant objects to the timeliness of such requests, as a party cannot serve discovery until after the initial disclosures under Rule 194 are due, pursuant to Texas Rule of Civil Procedure 192.2(a).  Defendant requests that any prematurely served discovery be re-served after the initial disclosures have been exchanged.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays Plaintiff take nothing by his suit, that Defendant be dismissed from this action, awarded court costs and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

By: ___/s/ Karl Seelbach_____
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Ryan Cantu
State Bar No. 24076853
ryan@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by certified mail, return receipt requested and first class mail to the party identified below on this, the 28th day of June, 2021.

Aziz Alden
8003 Palmetto Drive
San Antonio, TX 78254
*Pro Se Plaintiff*

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **To:** | Christopher Grigg |
| **Subject:** | Filing Submitted for Case: 2021CI07981; AZIZ ALDEN VS WELLS FARGO BANK W.A.; Envelope Number: 54847671 |
| **Date:** | Monday, June 28, 2021 2:29:38 PM |



# Filing Submitted

Envelope Number: 54847671
Case Number: 2021CI07981
Case Style: AZIZ ALDEN VS WELLS
FARGO BANK W.A.

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Bexar County - District Clerk |
| **Date/Time Submitted** | 6/28/2021 2:28 PM CST |
| **Filing Type** | Answer/Contest/Response/Waiver |
| **Filing Description** | Defendant's Original Answer and Affirmative Defenses |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Christopher Grigg |
| **Filing Attorney** | Karl Seelbach |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay.<br><br>If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |

| This envelope is pending review and fees may change. | |
|---|---|
| Case Fee Information | $0.00 |
| Answer/Contest/Response/Waiver | $0.00 |

**Total:**$0.00 (The envelope still has pending filings and the fees are subject to change)

| Document Details |
|---|
| 2021.06.28 - Defendant's Answer and Defenses |

| Lead Document | (Alden).pdf |
|---|---|
| Lead Document Page Count | 5 |
| File Copy | [Download Document](Download Document) |
| This link is active for 30 days. ||

For technical assistance, contact your service provider

Need Help? Help

No Lawyer? Start Here

Visit: https://efiletexas.gov/contacts.htm

Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

# EXHIBIT "F"

# EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT

| | | |
|---|---|---|
| AZIZ ALDEN, | § | |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
|     *Defendant.* | § | |

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Fed. R. Civ. P. 7.1, Defendant Wells Fargo Bank, N.A provides the following information:

1. For a nongovernment corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):

   - WFC Holdings, LLC owns a 100% interest in Wells Fargo Bank, N.A.

   - Wells Fargo & Company is a publicly traded company that owns a 100% interest in WFC Holdings, LLC.

Respectfully submitted,

By:   **/s/ Karl Seelbach**
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Ryan Cantu
State Bar No. 24076853
ryan@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 Telephone
512.960.4893 fax
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*

 Doyle & Seelbach

## **CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by First Class U.S. Mail. Certified Mail Return Receipt Requested, and email to the party identified below on this, the 1st day of July 2021.

Aziz Alden
8003 Palmetto Drive
San Antonio, TX 78254
Email: azizkain@gmail.com
*Plaintiff Pro Per*

# EXHIBIT "G"

# EXHIBIT "G"

CAUSE NO. 2021CI07981

| AZIZ ALDEN, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | OF BEXAR COUNTY TEXAS |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| *Defendant*. | § | 15OTH JUDICIAL DISTRICT |

## <u>DEFENDANT'S NOTICE TO THE COURT OF REMOVAL</u>

Please take notice that on July 1, 2021, Wells Fargo, N.A.. ("Defendant") removed this action to the United States District Court for the Western District of Texas. Pursuant to 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed no further, unless and until such time as the action may be remanded by order of the United States District Court. A copy of the Notice of Removal is attached as **Exhibit A**.

Respectfully submitted,

By: <u>    **/s/ Karl Seelbach**          </u>
Trek Doyle
State Bar No. 00790608
<u>trek@doyleseelbach.com</u>

Karl Seelbach
State Bar No. 24044607
<u>karl@doyleseelbach.com</u>

Ryan Cantu
State Bar No. 24076853
<u>ryan@doyleseebach.com</u>

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 Telephone

512.960.4893 fax
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by First Class U.S. Mail. Certified Mail Return Receipt Requested, and email to the party identified below on this, the 1st day of July 2021.

Aziz Alden
8003 Palmetto Drive
San Antonio, TX 78254
Email: azizkain@gmail.com
*Plaintiff Pro Per*

# EXHIBIT "H"

# EXHIBIT "H"

## CERTIFICATION OF LARRY N. BLANKENSHIP

1. My name is Larry N. Blankenship. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make the below certification.

2. I am an Assistant Vice President and Risk Management Program Manager at Wells Fargo Bank, N.A., an indirect, wholly-owned subsidiary of Wells Fargo & Company.  Wells Fargo & Company is a Delaware Corporation with a principal place of business in San Francisco, California.

3. I have reviewed the business records which are made and kept in the regular course of business by Wells Fargo Bank, N.A.  Based on my review of the business records and based on my normal work responsibilities, I have personal knowledge of the facts stated in this certification and each of the statements made is based upon my personal knowledge and is true and correct. I have been authorized by Wells Fargo Bank, N.A. to make these statements on their behalf.

4. Wells Fargo Bank, N.A. is a national banking association with its main office located at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104. Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A. is a citizen of South Dakota.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _30_ day of June 2021.

_____
Larry N. Blankenship